UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff(s),<br><br>  v.<br><br>DANNY PEREDA, aka Teddy Ramos,<br><br>        Defendant(s). | No. CR 09-0239 PJH<br><br>**ORDER OF DETENTION** |

The defendant Danny Pereda came before this Court on April 17, 2009 for a detention hearing. The defendant was present and represented by Brendan Conroy, Esq. Assistant United States Attorney Matthew L. McCarthy represented the United States.

The government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community. Pretrial Services submitted a report recommending detention.

Upon consideration of the Pretrial Services report, the court file and the party proffers as discussed below, the Court also finds by clear and convincing evidence that no condition

or combination of conditions will reasonably assure the safety of any other person and the community and orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as the written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(I).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

>   (1)  the nature and seriousness of the offense charged;
>   (2)  the weight of the evidence against the person;
>   (3)  the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and
>   (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Danny Pereda is charged with three counts of violating 18 U.S.C. § 922(g) (felon in possession of firearm/ammunition) and one count of violating of 21 U.S.C. 841(a)(1) (possession of cocaine with intent to distribute). Because the charge under section 841(a)(1) carries a possible sentence of twenty years imprisonment, there is a rebuttable

1 presumption that no combination of conditions will reasonably
2 assure the appearance of the defendant as required and the
3 safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(A).
4     After hearing the proffers of both parties, the Court
5 finds that the defendant has rebutted the presumption that no
6 combination of conditions will reasonably assure the appearance
7 of the defendant as required.  The defendant is a life-long
8 resident of San Francisco, and has family members and a fiancé
9 who are willing to post the family home and act as sureties.
10 The Court finds that, if the defendant were released with those
11 persons acting as sureties, a combination of conditions could
12 be fashioned that would reasonably assure his appearance.
13     However, the Court finds that the defendant has not
14 rebutted the presumption that no combination of conditions will
15 assure the safety of the community.  Further, the Court finds
16 that the United States has met its burden of showing by clear
17 and convincing evidence that combination of conditions can
18 reasonably assure the safety of the community and of SFPD
19 Officer Salazar (the arresting officer with regard to Counts
20 Three and Four of the indictment).
21     In considering all of the facts and proffers
22 presented at the hearing, the Court finds the following factors
23 among the most compelling in reaching its conclusion that no
24 combination of conditions could reasonably assure the
25 community's and Officer Salazar's safety:
26     First, the defendant was convicted of possessing a
27 firearm in connection to a drug trafficking arrest in 2004.
28     Second, the defendant was arrested in possession of

firearms as charged in the Indictment in both September of 2008 and February of 2009.  The defendant had been released on bail from the 2008 arrest when he was arrested in 2009.

Third, the defendant's arrests in 2008 and 2009 show violent and assaultive conduct.  With respect to the 2008 arrest, witnesses reported that the defendant was threatening to shoot someone, and was brandishing a firearm.  With respect to the 2009 incident, the police report indicates that the defendant physically fought with police officers while armed, and repeatedly reached toward his waistband – which concealed a pistol – during that struggle.

Fourth, the defendant has ties to the Norteno Street Gang.  Although counsel for the defendant represented that the defendant was leaving the gang and having his gang tattoos removed, the defendant's conduct involving drugs and guns seems to indicate that he had not left the gang life-style behind.

Fifth, the statements made by the defendant at the time of his arrest, during his booking process, and in telephone calls from the jail, indicate a desire to retaliate against Officer Salazar.

Sixth, statements made by the defendant that he had "twenty-eights" that he could sell upon his release from jail indicate an intention to continue dealing narcotics.  The Court finds that the defendant's reference to "twenty-eights" is more likely a reference to ounces of cocaine (each of which contain 28.5 grams), as proffered by the government, than a reference to twenty-eight inch car rims, as defendant proffered.

Seventh, the combination of drugs and guns is one that

1  Congress specially had in mind when it passed the Bail Reform
2  Act.
3       Eighth, the Court does not believe that the proposed
4  sureties – namely the defendant's family and fiancé – could
5  adequately address the defendant's danger to the community.
6  Significantly, the defendant was discussing the sale of
7  "twenty-eights" and his desire to retaliate against Officer
8  Salazar with one of the proposed sureties – his fiancé.  The
9  Court also notes that the defendant's parents have not
10 previously been able to keep him from committing criminal
11 activity.  For example, the defendant's 2004 arrest for
12 possession of narcotics and firearms took place in his parents'
13 home while they were present.
14      These factors, among others adduced at the hearing,
15 clearly and convincingly demonstrate that if released the
16 defendant would be a danger to the community and to Officer
17 Salazar.
18      Accordingly, pursuant to 18 U.S.C. § 3142(I), **IT IS**
19 **ORDERED THAT**:
20           (1) the defendant is committed to the custody of the
21               Attorney General for confinement in a corrections
22               facility;
23           (2) the defendant be afforded reasonable opportunity
24               for private consultation with his counsel; and
25           (3) on order of a court of the United States or on
26               request of an attorney for the government, the person
27               in charge of the corrections facility in which the
28               defendant is confined shall deliver the defendant to

1     an authorized Deputy United States Marshal for the
2     purpose of any appearance in connection with a court
3     proceeding.

Dated: April 20, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2009\PEREDA DETENTION ORDER.wpd